LE SUEUR, Judge.
Louisiana & Southern Life Insurance Company provoked a concursus under LSA-C.C.P. Art. 4651, and filed therewith Group Policy G17-100 of the International Longshoreman’s Association, its insured. The Company deposited the proceeds (originally $7,000.00 was deposited but by mutual consent of all parties this sum was reduced to $6,000.00, the limit due under the terms of the policy) payable on account of the death of the insured’s member, Lawrence Fields, and impleaded two claimants, each of whom had filed proof of loss statements. The Insurance Company made return of the two notice of change of beneficiary forms in its possession, each complete, each executed on identical Company forms, and neither subject to objection from the insurer’s point of view.
The earlier change of beneficiary form, bearing the effective date of October 15, 1966, changed the beneficiary from the insured member’s mother to his son, George Fields, the defendant-appellee. The latest, bearing the effective date of February 24, 1967, changed the beneficiary from George Fields to Mrs. Aline Daniels, the defendant-appellant, with whom he lived until his death.
George Fields attacked the last change of beneficiary, alleging that (1) the deceased was without his faculties at the time, and (2) there was error, in fact, on the part of the insured, since the insured member thought he was signing a document'necessary for the cashing of a check.
The change of beneficiary to Aline Daniels was signed by the mark of the de *14 ceased and witnessed by two persons, Rev. Simmie L. Harvey and Mr. Joethan Rock-ett. Mr. Rockett was subpoenaed by appellant as an adverse witness to verify the signature mark on the last change of beneficiary form and was also subpoenaed by George Fields to support his two contentions. Notwithstanding his signature on the document labeled “Notice of Change”, Mr. Rockett testified that he thought he was signing a receipt for money.
The trial judge accepted the testimony of Mr. Rockett, declared the change of beneficiary from George Fields to Aline Daniels invalid, and awarded the policy proceeds, less plaintiff’s costs, to George Fields. The additional $1,000.00 deposited was returned to plaintiff and the defendant Aline Daniels was required to bear her own court costs. It is from this judgment that Aline Daniels has appealed.
There was little dispute that Rev. Harvey and Rockett, in response to a telephone call from the deceased Lawrence Fields, went to Aline Daniels’ house on February 23, 1967, to receive two checks which they were to cash and return the money to Fields. Lawrence Fields made his “X” on the checks and Rev. Harvey and Rockett endorsed them as witnesses. There was no conversation regarding a change of beneficiary at this time other than an indication that Fields wished to do so. Since the banks had closed by this time, the checks were not cashed until the following day.
On February 24, Rev. Harvey and Rock-ett returned and gave Fields the proceeds from the checks. At that time he made his “X” on a piece of paper. It is that piece of paper and his reason for signing it that gives rise to this lawsuit.
Rev. Harvey testified that Lawrence Fields wanted to change his insurance policy beneficiary and had asked him to bring the necessary forms. Rev. Harvey testified that he had typed the information on the form prior to going to see Fields and that Rockett was present while he typed it. Rockett denied being present while Rev. Harvey typed a change of beneficiary form and denied that he knew that Rev. Harvey had taken the form with him.
At the time Lawrence Fields’ “X” was placed on the form and witnessed by Rock-ett and Rev. Harvey, there is doubt as to whether Fields knew what he was signing. Rockett testified that Rev. Harvey told him he, Rockett, was witnessing Fields’ “X” on a receipt stating that the money from cashing the checks had been given to Fields. He then signed the paper but did not read it. Aline Daniels testified that Lawrence Fields asked whether the form had been brought to change his beneficiary. At that time he first indicated that he intended to name her as beneficiary. She knew that Rev. Harvey had held Fields’ hand to make the “X” but she could not testify as to the content of the document so marked. Further, she knew nothing about a receipt for the check money. Rev. Harvey claimed that Fields had requested a change of beneficiary form and that he had filled it out and brought it to him but did not explain how he could type in the name of the beneficiary when this information was not disclosed to him until he arrived at Fields’ house. He also denied any conversation about a receipt for money.
The trial judge gave the following reasons for judgment:
“The Court is satisfied from the testimony of the witness Joethan Rockett (substantiated in several respects by the testimony of the mother of one of the claimants, Aline Daniels) that the ‘change of beneficiary’ form was signed in blank by the decedent, and that he did so believing that he was signing a receipt for the money which was given by the Reverend Harvey.
“The Court is of the opinion that Joe-than Rockett was a more disinterested witness and that his testimony was more worthy of belief than that of the Reverend Harvey.
*15 “Accordingly, it is the Court’s opinion that the change of beneficiary from the originally-named beneficiary, George Fields, to Aline Daniels, was not valid and should be disregarded.
“Accordingly, there will he Judgment herein ordering the payment of the policy benefits to George Fields.”
The trial judge’s judgment based on the credibility of the witnesses is accorded great weight and should not be disturbed unless it is manifestly erroneous. From the record before us, there is sufficient evidence to show that some of the witnesses were mistaken as to the purpose of the paper signed and its contents. Having the ability to observe the demeanor of the witnesses, the trial judge concluded that Joethan Rockett was most credible of the witnesses and we do not find sufficient reasons to disagree with that finding.
Therefore, the judgment of the lower court in favor of George Fields is affirmed for the policy proceeds, minus plaintiff’s costs of litigation. The $1,000. 00 mistakenly deposited by plaintiff is returned to it. Costs of the appeal are to be borne by each party respectively.
Affirmed.